UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES LAVERN GORDON, JR.,

Movant,

v.                          6:10-cv-103

UNITED STATES OF AMERICA,

Respondent.

## ORDER

This Court adopted the Magistrate Judge's Report and Recommendation ("R&R"), granting Respondent United States of America's ("Government") motion to dismiss Movant James Lavern Gordon Jr.'s ("Gordon") § 2255 habeas petition. *See* Docs. 10; 12; 13. Gordon now brings a "Motion Suggesting that the Court Do an En Banc Review of Movant's 2255 Motion to Vacate." *See* Doc. 15. The Court construes the motion as one for reconsideration.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Court adopted the R&R before the Clerk's Office received Gordon's objections. Objections to the R&R were due by November 28, 2011. *See* Doc. 10. Gordon's objection arrived on December 1, 2011. *See* Doc. 14. But under the prisoner mailbox rule, Gordon's objection was timely. *See id.* at 5-6 (objection signed on November 23 and envelope postmarked on November 25); *United States v. Carter*, 411 F. App'x 242, 243 (11th Cir. 2011) (holding that *pro se* prisoners' filings are filed when delivered to prison authorities for mailing).

Therefore, the Court will now consider the arguments raised in Gordon's objection as part of his motion for reconsideration.

Gordon first argues that his "no evidence" claim is dissimilar to his sufficiency of the evidence claim that was denied on direct appeal because the "no evidence" claim is grounded in his due process rights. *See* Doc. 14 at 1-2. This argument is meritless. Gordon has merely re-characterized his sufficiency of the evidence claim as a "due process" claim. As the Magistrate Judge noted, Gordon may not now repackage his "sufficiency of evidence" argument, which he raised and lost on appeal. *See* Doc. 10 at 2-3; *see also United States v. Gordon*, 341 F. App'x 588, 591 (11th Cir. 2009); *cf. United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("A rejected claim does not merit rehearing on a different, but previously available, legal theory.").

Next, Gordon claims the Magistrate Judge erred in recommending dismissal of his ineffective assistance of counsel claims under grounds one and two of his § 2255 motion. *See* Doc. 14 at 2-4. Gordon claims his counsel should have moved to suppress

evidence obtained from the search of three hotel rooms because he had a reasonable expectation of privacy, the search was not based on probable cause, and the police acted in bad faith. *See* Doc. 14 at 3-4. The police searched three rooms; Gordon stayed in only one of the rooms. *See* Doc. 10 at 7. For the reasons stated by the Magistrate Judge, Gordon's ineffective assistance claims and argument under grounds one and two are meritless. *See id.* at 3-8.

Finally, Gordon faults the Magistrate Judge for recommending dismissal of ground four of his petition. *See* Doc. 14 at 4; *see also* Docs. 1 at 5; 10 at 8. Gordon claims that his appellate counsel was ineffective because he allegedly failed to raise certain arguments on direct appeal. *See* Doc. 14 at 4; *see also* Docs. 2 at 25-30; 10 at 8 (detailing what arguments Gordon believes his attorney failed to raise on appeal). Contrary to Gordon's arguments, these claims or arguments were raised and addressed on appeal. *See Gordon*, 341 F. App'x at 589-92; *see also* Doc. 10 at 8. Gordon's final argument is likewise meritless.

Therefore, considering Gordon's objection, the Court did not err in adopting the R&R and dismissing Gordon's § 2255 motion.

## CONCLUSION

Gordon's Motion for Reconsideration, *see* Doc. 15, is ***DENIED***. *See also United States of America v. Vernon*, 6:07-cr-15, Doc. 131 (S.D. Ga. July 11, 2007).

This 6th day of March 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA